**ALD-092**                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2693
_____

GARLAND ADAMS,
                                   Appellant

v.

CORRECTIONAL EMERGENCY RESPONSE TEAM, ("Cert");
JANE AND/ OR JOHN DOE CERT TEAM MEMBER(S);
SUPERINTENDENT TAMMY FURGUSON, ("Furguson"); THOSE WHOSE
INVOLVEMENTS AND/ OR IDENTITIES ARE PRESENTLY NOT KNOWN,
in their individual and official capacities
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-03301)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 11, 2021

Before: MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed April 26, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Garland Adams, an inmate proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint for failure to state a claim. For the reasons that follow, we will summarily affirm the District Court's judgment.

Adams is currently imprisoned at the Pennsylvania State Correctional Institute at Phoenix ("SCI-Phoenix"). His operative amended complaint asserted claims pursuant to 42 U.S.C. § 1983 for violations of his First Amendment rights to free exercise of religion and Fourteenth Amendment right to equal protection of law, and § 1985 for conspiracy to interfere with his constitutional rights. He also asserted violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc. He claimed that when prison authorities transferred him from SCI-Graterford to SCI-Phoenix, they confiscated numerous personal items, including "legal mail and trial notes" and a "religious necklace reflecting his Islamic faith." Am. Compl. at 3, 7, ECF No. 10.[1] In addition, he claimed that an unknown person among the prison authorities defaced certain family photographs by scrawling racist epithets on them, for which he provided visual evidence. See id. at 3, 11. He sought money damages only.

---

[1] As the District Court noted, Adams could not have sustained a due process claim because Pennsylvania law provides an adequate post-deprivation remedy for his lost personal property. See Mem. at 7 n.4, ECF No. 11. Moreover, Adams did not include any state law claims related to the alleged deprivation, nor did he provide a basis for jurisdiction were his complaint liberally construed to include them. See id.

Screening Adams's initial complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court found that it failed to state a claim and dismissed it without prejudice. Adams then filed the operative amended complaint, naming the Correctional Emergency Response Team ("CERT"), Superintendent Tammy Ferguson, and various John and Jane Does as defendants. The District Court held that Adams had not sufficiently cured the defects in his complaint through amendment and dismissed with prejudice, finding that any further amendment would be futile. Adams timely filed a notice of appeal.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review dismissal pursuant to § 1915(e)(2)(B)(ii) under the same de novo standard of review that we apply to our review of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and may affirm on any basis supported by the record, see Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Adams's pro se complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the

---

[2] Due to delays related to the COVID-19 pandemic, Adams did not receive the District Court's disposition for several months. The District Court granted his motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6), see Order, ECF No. 14, and his notice of

3

appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Beginning with the claims related to the confiscation of the religious necklace, we agree with the District Court that Adams's statutory claim fails. RLUIPA does not permit actions against state officials in their individual capacities, Sharp v. Johnson, 669 F.3d 144, 153 (3d Cir. 2012), and states have not waived their sovereign immunity from damages suits under the statute. Sossamon v. Texas, 563 U.S. 277, 293 (2011).

Adams also claimed that the confiscation of his religious necklace violated his First Amendment rights. The Supreme Court has established a four-factor test for evaluating prisoners' free exercise claims. See Turner v. Safley, 482 U.S. 78, 89–90 (1987). "[A] prerequisite to the application of Turner is the assertion of 'only those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection.' The Constitution does not protect 'mere assertion[s] of . . . religious beliefs.'" Williams v. Morton, 343 F.3d 212, 217 (3d Cir. 2003) (alterations in original) (quoting DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000) (en banc)).

Here, the District Court employed a threshold inquiry: "whether the prison's conduct has substantially burdened the practice of the inmate-plaintiff's religion." Mem. at 5, ECF No. 11 (quotation and citation omitted). This threshold inquiry applies to claims under RLUIPA, see 42 U.S.C. § 2000cc-1(a); Washington v. Klem, 497 F.3d 272,

appeal was timely thereafter.

4

277–78 (3d Cir. 2007), but we have called into doubt whether it applies to a claim under the First Amendment, see Williams, 343 F.3d at 217. RLUIPA offers greater protections for prisoner's religious exercise than the First Amendment. See Holt v. Hobbs, 574 U.S. 352, 358 (2015). Thus, a claim that cannot satisfy RLUIPA's threshold merits inquiry necessarily fails as to the First Amendment. Cf. Koger v. Mohr, 964 F.3d 532, 543 (6th Cir. 2020) (holding a failure to show substantial burden under RLUIPA precluded any genuine dispute of material fact on a free-exercise claim).

Here, though, the District Court did not reach the merits of the RLUIPA claim, instead dismissing it for the reasons discussed above, and applied the "substantially burden" threshold inquiry directly to Adams's First Amendment claim. Nonetheless, if this constituted error, it was harmless. See Sharp, 669 F.3d at 158 (applying harmless error analysis in a free-exercise context). The complaint stated only that the missing necklace reflected Adams's religious faith, with no description of how losing it affected his religious practice. Regardless of whether this pleading would meet RLUIPA's threshold inquiry, it does not satisfy our prerequisite for consideration of the Turner factors: the claim fails for amounting to nothing more than a "mere assertion of a religious belief." DeHart, 227 F.3d at 51. As such, we will affirm the dismissal of Adams's First Amendment claim.

The District Court also considered whether listing legal documents among the property confiscated meant that Adams intended to assert a First Amendment claim for

5

denial of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996). The District Court properly held that such a claim would fail because Adams did not allege any "actual injury" or impairment of his legal rights due to the absence of the materials. See ECF No. 11 at 4 n.2 (quoting Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)).

The remainder of Adams's complaint centered on the photographs he alleged were defaced by the CERT team that moved his belongings, which the District Court properly construed as an equal protection claim. "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." Williams, 343 F.3d at 221. The photographs attached to the amended complaint are undoubtedly defaced with racist epithets and imagery. Yet we agree with the District Court that though the actions Adams alleges are odious, he has not stated a claim for an equal protection violation. Rather than allege he was treated differently from others similarly situated, Adams asserted that CERT "mistreat[ed]" and "abuse[d]" other prisoners' property during the mass transfer from SCI-Graterford to SCI-Phoenix. See Am. Compl. at 4. Moreover, the District Court explained the specific defects in Adams's initial complaint in dismissal, see ECF No. 6 at 8–9, and he was unable to cure them through amendment.

Adams also claimed the defendants conspired to deprive him of his civil rights, in violation of 42 U.S.C. § 1985. See Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001) (elaborating four-part test for § 1985 claims). Despite the racially charged

6

words and images on the photographs, Adams has not sufficiently pleaded facts and circumstances to support the elements of the conspiracy. In his complaint and the appended affidavit, Adams alleged agreement among defendants to deprive him of property, but as discussed above, there was no underlying constitutional violation or deprivation of civil rights. Neither does the complaint sufficiently allege any agreement to deface his photographs. As such, we will affirm the dismissal of his § 1985 claim.

Finally, we conclude that the District Court did not err by declining to give Adams an opportunity to amend the complaint a second time to better support his claims. As the District Court explained, the flaws in Adams's complaint rendered any further attempt at amendment futile. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

For the foregoing reasons, Adams's appeal fails to present any substantial question, and we will summarily affirm the District Court's order dismissing this action.